**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36119**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 582 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JONATHAN GEORGE PLASTER, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Michael R. Crabtree, District Judge.

Order granting motion in limine and judgments of conviction and sentences, affirmed.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jonathan George Plaster, Jr., appeals from his judgments of conviction entered upon conditional guilty pleas to seven counts of lewd conduct with a child under the age of sixteen, Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2005, Plaster was charged with two counts of lewd conduct with a child under the age of sixteen and one count of sexual abuse of a child under the age of sixteen years. The parties reached a plea agreement and the district court agreed to be bound by it, pursuant to Idaho Criminal Rule 11.  Plaster entered a conditional *Alford*[1] plea of guilty to one count of lewd

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

conduct, reserving his right to appeal the denial of a suppression motion. The district court, after accepting Plaster's plea, ordered a psychosexual evaluation. Although the plea agreement was binding, the agreement provided that both parties could present evidence in aggravation and mitigation at sentencing, in order to provide the Parole Commission with information to consider at such time as Plaster would become eligible for release on parole.

As part of the psychosexual evaluation, Plaster was advised that he had the right to remain silent, that anything he said could and would be used against him, that he had the right to have an attorney present during the assessment, and that he had the right to stop answering questions at any time. Plaster indicated that he understood each of these rights, agreed to waive the rights, and signed a form spelling out those rights. During the psychosexual evaluation, Plaster admitted to sex crimes against the three victims in addition to those acts charged in the original information.

Prior to sentencing, Plaster filed a motion to withdraw his guilty plea, which the district court granted. Thereafter, in January 2008, the State charged Plaster with eight counts of lewd conduct and two counts of sexual abuse in a separate case.[2] These charges also involved the three victims alleged in the 2005 case which Plaster had discussed in the psychosexual evaluation. Prior to trial in the 2008 case, the State filed a notice of intent to offer evidence of confession at trial, and a motion in limine requesting that the district court rule on the admissibility of Plaster's statements made during the psychosexual evaluation. The district court conducted an evidentiary hearing and entered a memorandum decision ruling that Plaster's statements made during the psychosexual evaluation would be admissible at trial. The 2005 and 2008 cases were consolidated for trial. Plaster entered an *Alford* plea of guilty to all of the counts set forth in the 2008 case, seven counts of lewd conduct and one count of sexual abuse, and the State agreed to dismiss the 2005 case. Plaster reserved his right to appeal the district court's decision regarding the motion in limine, but waived all other appellate claims. This appeal followed.

---

[2]     The State later filed an amended information alleging seven counts of lewd conduct and one count of sexual abuse.

2

## II.

### ANALYSIS

Plaster's contention on appeal is as follows:

> Mindful of the fact that Mr. Plaster's participation in the psychosexual evaluation in the First Case was not required as part of the plea agreement with the State and would not factor into his sentence in any way, and mindful of the fact that Mr. Plaster moved to withdraw his plea and, thereby, knowingly withdrew from his plea agreement with the State, Mr. Plaster nevertheless contends that, because the admissions made during the psychosexual evaluation were made in reliance on the original plea agreement, it was fundamentally unfair for the district court to have ruled that the State could use those admissions against him even after the plea agreement had been vacated.

Plaster asserts only fundamental unfairness in admitting evidence of the statements made during the psychosexual evaluation. Plaster cites no Idaho precedent regarding application of fundamental fairness principles to the decision to admit or deny evidence. Aside from the statement quoted above, Plaster makes no argument as to how the admission of the evidence would be fundamentally unfair or how the district court erred in its analysis of this issue. Instead, Plaster cites, as "cf." two cases, *United States v. Ventura-Cruel*, 356 F.3d 55, 62-64 (1st Cir. 2003) and *United States v. Escamilla*, 975 F.2d 568, 571-72 (9th Cir. 1992).

In *Ventura-Cruel,* pursuant to a plea agreement, Ventura-Cruel was required to provide complete and truthful information about his crime and involvement in a drug conspiracy. In order to receive a reduction in sentence, Ventura-Cruel had to accept responsibility and provide incriminating information. The court advised him at the change of plea hearing that he was waiving his right against self-incrimination. Thereafter, Ventura-Cruel wrote a confession letter to his probation officer. Ventura-Cruel did not ask to withdraw his guilty plea, but the district court later rejected his guilty plea. The district court allowed the letter into evidence. The appellate court determined that, based upon the facts, allowing the letter into evidence would be fundamentally unfair. Ventura-Cruel had reasonably relied on the existence of the plea agreement before making his admissions. In fact, he had been advised that he had waived his right against self-incrimination and had been, by the terms of the plea agreement, required to provide incriminating information. In addition, Ventura-Cruel had not asked to have the plea withdrawn or otherwise lose the benefits of the plea agreement. Thus, under the circumstances, admitting the letter would deprive him of the benefit of the agreement, yet place the government

in a better position. *Ventura-Cruel*, 356 F.3d at 62-63. Similarly, in *Escamilla*, the defendant was required, by a plea agreement, to make incriminating statements regarding his role in a drug conspiracy and, after he made incriminating statements but failed a polygraph, the government withdrew from the agreement. Again, the court determined that using the admissions would deny him the benefit of the bargain and place the government in a superior position. *Escamilla*, 975 F.2d at 571-72.

By contrast, here, Plaster entered an *Alford* plea and was not required to and did not admit or accept responsibility for the underlying crimes charged. Plaster was advised of his rights before making the admissions. There were no provisions in the plea agreement which induced Plaster to make incriminating statements. Plaster, not the State, voluntarily withdrew from the plea agreement. Further, the district court determined that the statements were voluntarily made. Plaster has failed to demonstrate or provide relevant authority for his claim that admission of the evidence was erroneous on the ground that such admission would be fundamentally unfair.

## III.

## CONCLUSION

Plaster has not demonstrated error in admitting into evidence the statements made in the psychosexual evaluation. Therefore, the district court's order granting the State's motion in limine, and Plaster's judgments of conviction and sentences are affirmed.

Judge GUTIERREZ and Judge MELANSON, **CONCUR.**